Stein v. Kendall.

PHILIP STEIN

v.

MARTHA H. KENDALL.

1. SPECIAL CONTRACT—EVIDENCE.—The only evidence to prove the special contract relied on by the defense, was the testimony of appellee herself, that Mrs. Stephani informed her that appellant would make collections for appellee for ten per cent. There was no evidence that appellant agreed to or even knew of the representations of Mrs. Stephani to appellee. Appellant denied making any such contract. *Held*, that the evidence was incompetent, and failed to establish the claim of appellee as to the specific agreement.

2. AGENCY—RATIFICATION.—Before a person can be held to have ratified by his conduct the voluntary act of another, done for his benefit, it must appear that he acted with full knowledge of all the material facts and circumstances connected with the assumed agency.

3. INSTRUCTIONS.—The following instruction asked by appellant was proper and should not have been refused: "On behalf of plaintiff the court further instructs the jury to disregard and pay no attention whatever to that part of the evidence which relates to the terms on which it is claimed Mrs. Stephani stated to the defendant, Mrs. Kendall, that the plaintiff would take the claims for collection."

APPEAL from the Circuit Court of Cook county; the Hon. W. K. McALLISTER, Judge, presiding. .

Mr. PHILIP STEIN *pro se;* upon the question of evidence as to a special agreement and pretended agency of Mrs. Stephani, cited, Grafton Bank v. Woodward, 5 N. H. 301; Story on Agency, § 45; 2 Greenl. Ev. § 60; Worman v. Boyer, 14 Serg. & Rawle, 212; Mendith v. Footmer, 11 M. & W. 204; Essington v. Neill, 21 Ill. 139; Trepp v. Baker, 78 Ill. 146; Yazel v. Palmer, 81 Ill. 82; Mussey v. Buchu, 3 Cush. 517;

Brigham v. Peters, 1 Gray, 145; Story on Agency, § 136; 2 Starkie on Ev. "Agent" 60; Maxey v. Heckethorn, 44 Ill. 437; Fairlee v. Hastings, 10 Vesey, 127; Trustees v. Bledsoe, 5 Ind. 133; Scott v. Cram, 1 Conn. 155; Plumstead's Lessee v. Rudebaugh, 1 Yeates, 502; James' Lessee v. Stookey, 1 Wash. C. C. 330; Garth v. Howard, 8 Bing. 451; Hannay v. Steward, 6 Watts, 489; Whiteside v. Margarel, 51 Ill. 507; 1 Greenl. Ev. § 113; Jenks v. Burr, 56 Ill. 450.

Upon the question of instructing the jury: Mitchell v. The Town, 61 Ill. 174; Farwell v. Meyer, 35 Ill. 40; Mathews v. Hamilton, 23 Ill. 470; Man'f. Nat. Bank v. Barnes, 65 Ill. 69; Story on Agency, § 239; Andreas v. Ketcham, 77 Ill. 377; Evanston v. Lynch, 10 Legal News, 70; Wray v. C. B. & Q. R. R. 10 Legal News, 169; Hinman v. Pope, 1 Gilm. 131; Watt v. Kirby, 15 Ill. 200; Union Nat'l Bank v. Baldenwick, 45 Ill. 375; Mussey v. Beecher, 3 Cush. 518; Paley on Agency, 199; Story on Agency, 127; Parsons v. Armor, 3 Pet. 413.

Mr. A. C. STORY, for appellee; upon the question of instructions to the jury, cited, De Clerq v. Mungin, 46 Ill. 112; Murray v. Haverty, 70 Ill. 318; White v. Stanbro, 73 Ill. 575; Wiggins' Ferry Co. v. Higgins, 72 Ill. 517; Beseler v. Stephani, 71 Ill. 400.

Upon the question of exclusion and admission of testimony, Brown v. People, 8 Hun. N. Y. 564; Jackson v. Osborne, 2 Wend. 555; People v. Gray, 7 N. Y. 378; Lipe v. Eisenleid, 32 N. Y. 229; Story on Agency, § 132 ; Ind. & St. L. R. R. Co. v. Miller, 71 Ill. 463 ; Morris v. Tillson, 81 Ill. 607; Darst v. Gale, 83 Ill. 136; Cairo & St. L. R. R. Co. v. Mahoney, 82 Ill. 73; Allin v. Millison, 72 Ill. 201; Hungate v. Reynolds, 72 Ill. 425; Parsons on Con. 44; Veasie v. Williams, 8 How. 134; Dunlap's Paley on Agency, 172; 1 Greenl. Ev. 140, § 113.

MURPHY, P. J.   This was an action commenced originally before a justice of the peace by appellant, to recover for professional services claimed by him to have been rendered for the appellee.   In the justice's court he recovered a judgment for

Stein v. Kendall.

$35.25. The defendant appealed to the Circuit Court of Cook county, where a trial *de novo* was had, resulting in a judgment in favor of the defendant. The plaintiff brings the case to this court, and asks the reversal of the judgment on the grounds that the court permitted improper testimony to be given to to the jury by the appellee at the trial below, and the giving of an instruction by the court, and also refusing certain instructions asked by the plaintiff below.

It appears that in the winter of 1874–'75, the appellee placed in the hands of the appellant, who was then a practicing attorney in the city of Chicago, several small bills for collection, which appear to have accrued to the appellee in the course of her business as a dressmaker, which business she, during that time, carried on. It appears that the appellant commenced and pressed the collection of these bills with varied success, succeeding in some instances and failing in others. That when finally he presented his bill for his services, the appellee set up and claimed a special agreement in respect to the price she was to pay for such services. It is claimed by the appellee that one Mrs. Stephani, at and immediately preceding the time when she placed these bills in the hands of the appellant for collection, induced her to do so by representing to her that she had talked with the appellant, and that he had agreed to take the bills for collection and charge only ten per cent. upon such sum as he collected.

That at this time appellant was a boarder in the house of Mrs. Stephani, and that she and Mrs. Stephani were intimate friends, and that relying upon such representations she, the appellee, placed said bills in the hands of the appellant for collection.

Upon the trial in the court below, appellee being on the stand as a witness, was asked by counsel to state the conversation which took place between her and Mrs. Stephani at her house, in the winter of 1875, in respect to placing these bills in the hands of appellant, he not being present.

This was objected to by appellant, and over his objection it was allowed to go to the jury.

In this conversation, Mrs. Stephani informed her, the appel-

lee, that Mr. Stein would collect the bills for ten per cent. upon such sum as he collected, that being all he charged Mrs. Stephani. She, Mrs. Stephani, offered to see and ask him if he would take these bills on these terms, to which she responded: "I asked her to do so." On the next day she came to the appellee and told her she had seen Mr. Stein about the matter, and he would do the business on the terms indicated—that is, ten per cent. on the sum actually collected.

A few days after this the appellee had these accounts made out, and gave them to Mrs. Stephani for Mr. Stein, to collect on these terms. She says: "I told her I did not consider my bills good enough to pay regular lawyers' prices." Admitting this testimony to go to the jury over the objection of the appellant, is assigned for error by him. This appears to be the only evidence in the record tending to establish any special contract as to the price to be paid by the appellee for such services.

Upon this question the appellant testifies that he did not hear this conversation between Mrs. Stephani and the appellee, nor did he know or hear of its occurrence until after the entire performance of his services in the premises.

That he never authorized Mrs. Stephani to procure any business for him, or make any representations in his behalf as to the price he would charge.

It appears to have been entirely without any authority from appellant, that Mrs. Stephani went to and talked with appellee. But it is insisted by the appellee that the appellant must be held to have ratified the act of Mrs. Stephani as his agent, because he took and kept the business. This proposition appears to be fully answered by the uncontradicted testimony of the appellant, that he did not know or hear anything about any such representations until after he had presented his bill for payment.

Before he could be held to have ratified any action of Mrs. Stephani, it must first be shown that he acted advisedly in the premises; that is, that he had a full knowledge of all the material facts and circumstances of the case. The proof utterly fails to show that he knew of any of the false representations

Stein v. Kendall.

made to the appellee in respect to his charges, and of course could not be said to be acting with a view to them.

We think the evidence of. the above conversation, in the absence of the appellant, upon a familiar principal of law, is incompetent, and the objection to which should have been sustained, and that the overruling of which was error.

This being the only evidence in the record tending to establish a special contract, there is no evidence on which to predicate the following instruction:

"If the jury find, from the evidence, that Mrs. Stephani volunteered to act on plaintiff's behalf, to obtain from defendant the bills in question, to be put in plaintiff's hands for collection, and in doing so Mrs. Stephani told a falsehood to defendant with the intent of so obtaining said business for plaintiff, but agreed with defendant on behalf of plaintiff that the terms should be 10 per cent. on the amount collected; if, then, the plaintiff got said bills under such circumstances as that, he knew it was solely through the agency of Mrs. Stephani, and thereupon accepted such employment, then the court instructs you that the plaintiff, if he so accepted the bills of account for collection through such agency, is bound by the means used by Mrs. Stephani in obtaining such business for him and by the special contract, if any, which she made with defendant;" by the court, which assumes that the jury might find such contract to have been proven. We think the instruction was calculated to mislead the jury. In the light of these views, we think the following instruction, asked by appellant, should have been given:

"On behalf of plaintiff, the court further instructs the jury to disregard and pay no attention whatever to that part of the evidence which relates to the terms on which it is claimed Mrs. Stephani stated to the defendant, Mrs. Kendall, that the plaintiff would take the claims for collection."

For these errors, the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.